# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARL RAMEY, SR., <br>     Plaintiff <br><br> vs <br><br> TERRY COLLINS, et al., <br>     Defendant | Case No. 1:07-cv-740 <br><br> Barrett, J. <br> Hogan, M.J. <br><br> **ORDER AND REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that officials at LeCI have denied him treatment for prostate and colon pain in violation of his Eighth Amendment rights. Defendants are Ohio Department of Rehabilitation and Correction (ODRC) Director Terry Collins, ODRC Chief Inspector Gary Croft, LeCI Warden Ernie Moore, LeCI Administrative Assistant Ellen Myers, LeCI Deputy Warden Welch, LeCI Dr. James McWeeney, LeCI Nurse Practitioner Becky Bryant, LeCI Institutional Inspector April Barr, and LeCI Health Care Administrator Amy Weiss. This matter is before the Court on defendants' corrected motion for summary judgment (Doc. 43)[1], plaintiff's memorandum in opposition (Doc. 34), and defendant's reply memorandum (Doc. 38), and on plaintiff's motion to submit declarations in support of his opposition to the motion for summary judgment. (Doc. 41).

Plaintiff's motion to submit declarations in support of his opposition to the motion for summary judgment (Doc. 41) is **GRANTED**.

---

[1] Defendants submitted a corrected motion for summary judgment and Supplemental Declaration of Amy Weiss, LeCI Health Care Administrator, to correct an erroneous reference to "Ohio State Medical Center patient remarks attached as EXHIBIT B" found on page 6 of the original motion for summary judgment. (Doc. 27 at 6). The correct reference is to a report from the Corrections Medical Center for an ultrasound performed in December 2007. (Doc. 43, Exh. AA).

## I. Facts

Plaintiff filed a complaint on September 19, 2007, alleging that for nearly two years he has filed numerous informal complaints, grievances, and appeals to ODRC and LeCI officials concerning his medical care. (Doc. 3 at 5, attachments). He alleges that he suffers from extreme pain in the prostate and colon areas, and a discharge from his penis, which he states are standard symptoms of both prostate and/or colon cancer. (Doc. 3 at 5). He alleges that he is being denied proper testing, such as a Prostate Specific Antigen Test or biopsy for cysts found in his colon. *Id*.

Defendants present evidence that plaintiff received numerous tests in response to his complaints of pain and penile discharge. Sigmoid testing was performed on February 15, 2007. (Doc. 43, Exh. B). The examined portion of the colon was normal and revealed no lesions. *Id.* Plaintiff continued to complain of abdominal and testicular pain and on April 25, 2007, LeCI Dr. McWeeney ordered a scrotal ultrasound. (Doc. 43, Exh. A). The ultrasound was performed on May 8, 2007, and revealed two small cysts in the epididymal head, but was otherwise unremarkable. (Doc. 43, Exh. D). The results were reviewed by LeCI Dr. McWeeney, who determined the cysts were harmless. Dr. McWeeney also opined that the likely source of plaintiff's pain was his continuous use of a tight jockstrap. (Doc. 43, Exhs. A, D). Plaintiff continued to complain about abdominal and testicular pain, stating the antibiotics he was prescribed were not helping. (Doc. 3, Appeal to Chief Inspector, 5/18/07). Plaintiff acknowledged that Dr. McWeeney advised against wearing a jockstrap, but plaintiff stated he continued to do so to minimize pain and discomfort. *Id*. Plaintiff complained that he "may have cancer and don't even know it" and requested that the LeCI medical staff be ordered to schedule PSA and other tests. *Id*.

Plaintiff was referred for an additional testicular ultrasound on December 28, 2007. (Doc. 43, Exh. AA). The ultrasound revealed normal appearing testicles, small bilateral hydroceles, and a small left sided varicocele. (Doc. 43, Exh. AA). The results of that ultrasound showed no significant abnormalities and were essentially unchanged from the previous study. (Doc. 43, Suppl. Decl. Weiss at ¶4, Exh. AA).

Plaintiff has testified that he has never been diagnosed with cancer nor is he currently receiving treatment for cancer. (Doc. 43, Exh. C). He states he has been prescribed numerous antibiotics (Doc. 34, Exhs. B, C), but he has not been advised of the reason for the antibiotics and "has no other recourse but to assume he has a disease." (Doc. 34 at 4). Plaintiff also submits an appeal decision from the ODRC Chief Inspector which confirms a finding of bilateral small hydroceles. (Doc. 34, Exh. E). The appeal decision indicates that a review of plaintiff's medical records revealed that the epididymal cysts were extremely tiny and unlikely to be causing plaintiff's symptoms; that plaintiff has been seen by "Urology" which has "no intention of performing surgery" and "does not want to see you again for this problem unless there was some major change and there were (sic) none;" that a genital examination by Dr. Huerta revealed no masses in the genital area and was completely normal; that plaintiff had two testicular ultrasounds; that the ultrasound of "12-28-07 showed that you have bilateral small hydroceles (fluid in the testicle sack). There is no indication for treatment of this issue." (Doc. 34 at 4; Doc. 34, Exh. E). Plaintiff appears to believe he should have a biopsy or other treatment for this condition. (Doc. 34 at 4).[2]

**II. Defendant's motion for summary judgment should be granted.**

---

[2]Plaintiff's allegations concerning treatment for diabetes is not alleged in his complaint and will not be considered for the first time on summary judgment. (Doc. 34 at 4).

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and

4

*Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After incarceration, only the "unnecessary and wanton" infliction of pain constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Wilson v. Seizer*, 501 U.S. 294, 298 (1991), quoting *Whitley v. Albert*, 475 U.S. 312, 319 (1986). Unnecessary and wanton infliction of pain includes those conditions that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

In order to establish a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson,* 501 U.S. at 297-300.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834, quoting *Wilson*, 501 U.S. at 298. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seizer*, 501 U.S. 294, 298

5

(1991), citing *Rhodes*, 452 U.S. at 347. *See also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendants ignored a known risk of harm. *Farmer,* 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Applying these standards to the instant case, the Court concludes that plaintiff fails to establish his Eighth Amendment claim.

Plaintiff claims that defendants have denied him proper medical treatment for prostate and colon pain. As the facts and evidence submitted demonstrate, however, defendants have not been deliberately indifferent to his medical problems. It is undisputed that plaintiff has been treated for his prostate and colon pain by the LeCI medical department and outside specialists.

Plaintiff has been given numerous tests to determine the cause of his pain, and has been prescribed antibiotics for an infection. The tests have all yielded essentially normal results. Plaintiff does not dispute that he has actually undergone these tests, but rather that no one will tell him what is actually wrong with him. It is apparent to this Court that plaintiff does not understand what his test results mean, and that he is most likely misinterpreting them. This is a case of a failure of effective communication between doctor and patient, not a case of deliberate indifference to serious medical needs.

That plaintiff has not received particular tests or treatment that he deems appropriate does not establish deliberate indifference to his medical needs. Plaintiff's disagreement with the doctor's medical judgment concerning the proper course of treatment to follow simply does not amount to deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). The decision to follow one course of treatment over another does not constitute deliberate indifference and the Court may not second guess the medical judgments of the prison doctor. *See Westlake*, 537 F.2d at 860 n.5. Even where a physician has misdiagnosed a prisoner's medical condition, a claim "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle,* 429 U.S. at 106.

Plaintiff has failed to present evidence creating a genuine factual issue that defendants have been deliberately indifferent to his medical needs.[3] In the absence of any evidence showing

---

[3] Plaintiff has submitted declarations from other prisoners concerning their personal experiences with the LeCI medical staff. (Doc. 41). The experiences of these particular inmates are not relevant to whether prison officials were deliberately indifferent to *plaintiff's* medical condition. To the extent these declarations may confirm that plaintiff in fact complained about his conditions to prison officials, that fact is undisputed given the voluminous informal complaints, grievances, and appeals submitted by plaintiff in this case. *See* attachments to Docs. 3, 34.

7

that prison officials ignored or refused to treat plaintiff's condition, plaintiff has failed to raise an issue of fact requiring resolution by a jury.

The record as a whole shows plaintiff received regular medical care for his condition. While plaintiff disputes some of the care he received, including the failure of doctors to perform a biopsy or other tests, he has failed to come forward with evidence showing that such tests are medically indicated. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860, n. 5 (6th Cir. 1976). The failure to pursue every conceivable option for medical treatment does not constitute deliberate indifference to plaintiff's medical needs. Although plaintiff disagrees with the treatment he ultimately received, the Court cannot say that such treatment was so "woefully inadequate as to amount to no treatment at all." *Westlake*, 537 F.2d at 860-61 n.5. At most, plaintiff may state a claim for malpractice, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Since the evidence in this case could not lead a rational trier of fact to find for plaintiff, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. Accordingly, defendants are entitled to summary judgment on plaintiff's Eighth Amendment deliberate indifference claim.

Finally, plaintiff has failed to present any evidence showing how ODRC Director Collins and LeCI Warden Moore were somehow involved in the alleged denial of medical treatment. It appears that plaintiff has named these individuals as defendants because of the supervisory positions they hold. However, *respondeat superior* does not apply to § 1983 claims and may not

serve as a basis for liability on defendants Collins and Moore. *See Monell v. Dept. of Social Services,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993). Therefore, defendants Collins and Moore are entitled to summary judgment.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc. 43) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/5/09

s/ Judge Timothy S. Hogan

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARL RAMEY, SR.,  
    Plaintiff

vs

TERRY COLLINS, et al.,

Case No. 1:07-cv-740

Barrett, J.  
Hogan, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).